UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEROLD GURLEY, M.D.<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH 44114<br><br>  Plaintiff,<br><br>vs.<br><br>CARLOS VELEZ, In His Individual Capacity<br>c/o Bay Village Police Department<br>28000 Wolf Road<br>Bay Village, OH 44140<br><br>  Defendant. | CASE NO. 1:24-cv-2203<br><br>JUDGE<br><br><br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |

Now comes Plaintiff, Jerold "Jerry" Gurley, M.D., and for his Complaint against the above-named Defendant, states and avers:

### NATURE OF THE ACTION

1. This is a civil rights action stemming from the gross over-reaction to a man in crisis, who was having to re-live every parent's worst nightmare a second time. On December 18, 2023, Dr. Gurley was assaulted, battered, subjected to excessive force, and subjected to the intentional infliction of emotional distress by Defendant Carlos Velez, a police officer with the City of Bay Village.

2. Having found his son suffering from a gunshot wound to the head in an attempted suicide, Jerry Gurley called 911. Police responded but would not let Dr. Gurley go with his son to the hospital. Even though the officers did not suspect Dr. Gurley of having committed any crime,

they held him in his home. Eventually, Jerry ran into his yard. A sixty-six-year-old physician, Dr. Gurley was not a threat to anyone. But in a complete overreaction, Defendant Velez, a young Bay Village police officer, chased Dr. Gurley down and violently tackled him, driving him into the ground. Defendant Velez swore at Dr. Gurley and handcuffed him as Dr. Gurley was yelling in pain. Dr. Gurley suffered a serious injury to his shoulder that will prevent him from returning to his medical practice as a surgeon.

3.     As a direct and proximate result of the actions and inactions of Defendant Velez, Dr. Gurley was deprived of his constitutionally guaranteed rights and did endure physical and emotional pain and physical injuries, past and future medical bills, and other economic and non-economic damages. Plaintiff seeks compensatory and punitive damages, as well as reasonable attorneys' fees and the costs of this litigation.

4.     Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his right to be free from excessive force under the protections of the Fourth and/or Fourteenth Amendments to the United States Constitution.  In addition, Plaintiff asserts pendant state law claims for assault and battery and intentional infliction of emotional distress.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6.     Pendant jurisdiction over the state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

7.     The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

9. Plaintiff Jerry Gurley, M.D. is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

10. Defendant Officer Carlos Velez is, and was at all times relevant, a law enforcement officer employed by the City of Bay Village, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Bay Village. Defendant Velez is a "person" under 42 U.S.C. § 1983. Defendant Velez is sued in his individual capacity.

## STATEMENT OF FACTS

11. On the evening of December 18, 2023, Dr. Gurley arrived home after a day at work as an orthopedic spine surgeon.

12. Dr. Gurley lived at home with his son, Jack Gurley.

13. Prior to Dr. Gurley's arrival home, Jack shot himself in the head.

14. Dr. Gurley went to look for his son and saw his son on the floor of his bedroom, covered in blood, with a gun nearby. Jack was still breathing when Dr. Gurley found him.

15. Dr. Gurley called 911.

16. Bay Village police officers responded to the scene. Officers removed Dr. Gurley from the room. Jack was eventually transported to the hospital.

17. Dr. Gurley was not suspected of any criminal activity.

18. Nevertheless, Dr. Gurley was not permitted to go to the hospital to be with his son.

19. While on the scene, Dr. Gurley explained to the officers that he had another son who also had died by suicide from a gunshot in the same home. Some Bay Village police officers were familiar with this.

20. Defendant Officer Velez began to follow Dr. Gurley around the home.

21. Distraught and overwhelmed, eventually, Dr. Gurley, who was 66 years old at the time, ran into his front yard.

22. Defendant Velez gave chase, quickly catching up with Dr. Gurley on foot.

23. Rather than simply attempting to stop or detain him, Defendant Velez violently tackled Dr. Gurley from behind at speed, slamming Dr. Gurley into the ground.

24. Even assuming there was any basis to pursue or detain Dr. Gurley, Defendant Velez could have easily prevented Dr. Gurley from running away without resorting to tackling him. Defendant Velez's use of force was unreasonable, excessive, and gratuitous.

25. Once he tackled him to the ground, Defendant Velez screamed obscenities and ordered Dr. Gurley to "put [his] fucking hands behind his back."

26. Dr. Gurley wailed in pain.

27. Other officers arrived and completed the handcuffing process.

28. Eventually, Dr. Gurley was taken to the police station, where he was held. While he was held, his phone was going off, but he was not allowed to answer it, even though he asked that someone answer in case it was news on his son.

29. Defendant's Velez's unreasonable and gratuitous use of force caused Dr. Gurley to suffer a massive rotator cuff tear and brachial plexus injury. Dr. Gurley suffered a permanent neurologic injury leading to a loss of fine motor control in the extrinsic muscles of his hand. Dr.

Gurley's treating physician has concluded that Dr. Gurley is no longer capable of performing surgery.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

31. At the aforementioned time and place, Defendant Velez, acting under color of law and within the course and scope of his employment as a law enforcement officer with the City of Bay Village, Ohio used unnecessary, unreasonable, grossly disproportionate, outrageous, gratuitous, and excessive force on Dr. Gurley in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

32. Defendant Velez's use of force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

33. Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers/personnel would or should have known that the uses of force described herein violated Dr. Gurley's clearly established Fourth Amendment and/or Fourteenth Amendment right to be free from unreasonable force

34. Defendant Velez consciously, callously and recklessly disregarded Dr. Gurley's federally protected rights.

35. As a direct and proximate result of Defendant Velez's use of force in violation of Dr. Gurley's clearly established Fourth and/or Fourteenth Amendment rights, Dr. Gurley suffered serious permanent and disfiguring physical injuries to his shoulder and brachial plexus, was forced

to endure and suffer extreme physical, mental, and emotional pain and suffering, and suffered and will continue to suffer medical bills and other economic and non-economic loss.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Velez and seeks the following relief:

    a.    Compensatory damages in an amount that will fully and fairly compensate Dr. Gurley for the injury, damage, and loss, all of which are permanent, that he has suffered and continues to suffer;

    b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d.    All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Assault and Battery)

36. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

37. On December 18, 2023, Defendant Velez threatened bodily harm against Dr. Gurley which caused him to be in fear of imminent peril and death.

38. On December 18, 2023, Defendant Velez had the apparent ability to carry out the threat of bodily harm and, in fact did, intentionally and without permission, touch and injure Dr. Gurley.

39. At all times relevant, Defendant Velez acting within the course, scope, and in furtherance of his employment as a law enforcement officers with the City of Bay Village, respectively.

40. Defendant Velez assaulted and battered Dr. Gurley with malicious purpose, in bad faith, in a reckless or wanton manner, and/or with conscious disregard for the safety and well-being of Dr. Gurley.

41. As a direct and proximate result of being assaulted and battered by Defendant Velez, Dr. Gurley was forced to endure and suffer extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff Jerry Gurley prays for judgment against Defendant Velez, and seeks the following relief:

   a. Compensatory damages in an amount that will fully and fairly compensate Dr. Gurley for the injury, damage, and loss he has suffered and continues to suffer;

   b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

   c. Costs of suit and reasonable attorneys' fees; and

   d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**

42. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

43. Through his unreasonable and unlawful conduct, Defendant Velez either intended to cause Dr. Gurley emotional distress or knew or should have known that his actions or inactions would result in serious emotional distress. Furthermore, his actions toward Plaintiff were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

44. Defendant Velez's actions have directly and proximately caused Dr. Gurley psychic injury from which he suffers and will continue to suffer in the future.

**WHEREFORE,** Plaintiff Jerry Gurley prays for judgment against Defendants Velez, and seeks the following relief:

a. Compensatory damages in an amount that will fully and fairly compensate Dr. Gurley for the injury, damage, and loss he has suffered and continues to suffer;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 18th day of December 2024.

*/s/ Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*khulick@spanglaw.com*

***Counsel for Plaintiff Jerold Gurley***

8